Commonwealth, Appellant, *v.* Harris.

Argued September 17, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stephen B. Harris,* Assistant District Attorney, with him *Ward F. Clark,* District Attorney, for Commonwealth, appellant.

*Rodney D. Henry,* Public Defender, for appellee.

OPINION BY MONTGOMERY, J., November 11, 1971:

Ostensibly this is an appeal from an order of the lower court sustaining a demurrer in a nonjury trial of this defendant on a charge of operating a motor vehicle under the influence of intoxicating liquor. As pointed out by the Commonwealth in its brief, the Commonwealth has the right to appeal from such an order. *Commonwealth v. Mason*, 211 Pa. Superior Ct. 328, 236 A. 2d 548 (1967).

Although we will resolve the issues in this case without reaching the merits of the controversy, the facts involved are quite similar to those in the recent case of *Commonwealth v. Kallus*, 212 Pa. Superior Ct. 504, 243 A. 2d 483 (1968), which, coincidentally, was before the same lower court Judge, The Honorable Lawrence A. MONROE. We quote from its brief the Commonwealth's statement of facts on the instant appeal, as follows: "At 8:35 p.m. on January 17, 1970, Officer Kenneth Hopkins of the Bensalem Township Police Department was called to 4329 Somerton Avenue, Trevose, Bucks County, Pennsylvania. The appellee was seated behind the wheel of an automobile that was embedded in the garage wall. The engine of the automobile was running and the car was in reverse gear. The weather was rainy and tire tracks led from a public highway, Somerton Avenue, approximately 50 feet across the pavement onto the grass to the automobile embedded in the garage wall.

"The Appellee did not reside at the premises where the garage was located.

"The Appellee was taken to the Pennsylvania State Police Barracks at Trevose, Pennsylvania, where a Breathalyzer test was given. The result of that test was 0.20 percent of alcohol in the blood stream."

The transcript of the trial of this case shows that counsel for the defendant demurred after the Common-

wealth rested its case, then the Assistant District Attorney and defendant's counsel argued the motion, and that thereafter, the court stated, "Circumstantial evidence might support the various inferences, but not enough to convince me beyond a reasonable doubt, so the demurrer is sustained."

We thus have before us the unusual situation where the lower court at trial made the statement, "Circumstantial evidence might support the various inferences," which would indicate that in the opinion of the court, the Commonwealth had made out a prima facie case, and that thus a demurrer should have been overruled; however, in the same breath, the court, who was the trier of fact, indicated that the Commonwealth's evidence could never succeed in convincing him beyond a reasonable doubt. In our opinion, the latter statement is tantamount to a finding or ruling in favor of the defendant. Indeed, the lower court in its well reasoned opinion, filed in compliance with our Rule No. 46, reiterated its finding in the following words, "Since I, sitting as the Court, was the trier of the facts and was not convinced of defendant's guilt beyond a reasonable doubt, it seemed a pointless exercise to determine whether the Commonwealth's evidence was sufficient to justify a jury or some other fact-finder in returning a verdict of guilty."

This controversy, therefore, resolves itself into a matter of correcting the record in the court below, to which the case will be remanded for the entry of a verdict of not guilty pursuant to the actual finding of the lower court.

We fully comprehend the position of the Commonwealth in this matter in its reliance upon a literal interpretation of the order sustaining the demurrer. But at the same time, we can understand the defendant's position, that of remaining silent and relying on the

statement of the lower court that it was not convinced beyond a reasonable doubt. The fact remains, that in the present case a court has made a finding upon the merits of the controversy; and to view this case as only an appeal from an order sustaining a demurrer would invite a plea of former jeopardy by the defendant were we to find in the Commonwealth's favor and return this case for a new trial.

Order vacated, and case remanded for correction of the record in accordance with this opinion and the discharge of the defendant-appellee.