419 A.2d 750

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Steven M. PETRIE.**

Superior Court of Pennsylvania.

Submitted March 22, 1979.

Filed May 2, 1980.

Donald A. Mancini, Assistant District Attorney, West Chester, for Commonwealth, appellant.

Anthony A. Raffo, Springfield, for appellee.

Before CERCONE, President Judge, and WATKINS and ·HOFFMAN, JJ.

CERCONE, President Judge:

■ On May 15, 1978, defendant–appellee, Steven M. Petrie, stood trial in Chester County on charges of robbery [1] and conspiracy.[2] The trial judge, President Judge Domenic T. Marrone, sitting without jury, sustained appellee's demurrer to the robbery charge and found Petrie not guilty of conspir-

---

1. Crimes Code, 18 Pa.C.S. § 3701 (Supp.1979). In relevant part, this section of the law reads the same today as it did at the time of appellee's trial.

2. Crimes Code, 18 Pa.C.S. § 903 (1973).

acy.  The Commonwealth now appeals from the trial court's sustaining of Petrie's demurrer, arguing essentially that the lower court acted inconsistently when it allowed the conspiracy charge to go to verdict, but sustained a demurrer to the robbery charge.[3]  After careful review, we find the Commonwealth's argument to be without merit, and we affirm the lower court.

In brief, the testimony of John Searle, the key witness for the prosecution, indicated that on January 3, 1978, Searle, Bruce Marrone, and appellee Petrie injected themselves with heroin and spent the day together driving around the city of Philadelphia while drinking more than two bottles of liquor. The trio jokingly discussed robbing someplace and, as a lark, they stopped at a toy store which Marrone entered and purchased two toy guns.  Later the trio stopped at another store where Searle and Marrone bought two ski caps and two pairs of pantyhose.

Gradually, after joking about committing a robbery, the trio began to think about the idea in earnest.  It was then agreed that Marrone and appellee would get the first $100.00 from the robbery to use toward their rent, and that whatever remained would be split three ways.  Around 7:30 p. m., Searle, who was driving, spotted a grocery store, and Marrone suggested that they rob it.  However, after Searle pulled into the parking lot, appellee refused to go into the store and remained in the car while the other two committed the robbery.

As noted above, appellee demurred to the charges and after hearing the foregoing account of events, the trial court sustained the demurrer on the robbery charge.  The trial court ruled that since appellee did not participate in the robbery itself he could only be guilty of robbery if the

---

**3.** The Commonwealth may appeal from an order sustaining a defendant's demurrer.  *Commonwealth v. Glendening,* 262 Pa.Super. 357, 396 A.2d 793 (1979); *Commonwealth v. Harris,* 220 Pa.Super. 102, 283 A.2d 728 (1971); *Commonwealth v. Wydo,* 205 Pa.Super. 62, 208 A.2d 12 (1965).

Commonwealth showed that appellee was an accomplice[4] to the robbery, which, under the facts of the instant case, would mean that appellee intentionally aided or agreed or attempted to aid in the planning or commission of the robbery. The trial court ruled that the testimony at trial, which was at times inconsistent, failed to prove appellee intended to aid in the robbery. As for the conspiracy charge, the trial court found defendant not guilty because the court found the evidence insufficient to establish appellee's guilt beyond a reasonable doubt.

In its appeal, the Commonwealth argues that "conspiracy and accomplice liability should be considered or decided by identical tests or standards." The Commonwealth takes the position that accomplice liability and conspiracy are one and the same and, therefore, contends that the trial court erred in treating these two charges differently. The Commonwealth's argument is without any legal foundation.

The Commonwealth's contention that accomplice liability and conspiracy are one and the same crime has no support in case law. On the contrary, the Supreme Court has already explained the distinction between these two crimes in *Commonwealth v. Griffey*, 453 Pa. 142, 146, 307 A.2d 283, 285 (1973), wherein the Court said:

"[The accused] was convicted of both conspiracy and attempted burglary and, needless to point out, these crimes are separate and distinct. Where two or more enter into

4. Crimes Code, 18 Pa.C.S. § 306 (1973) sets forth the definition of an accomplice, which reads:
(C) Accomplice defined–A person is an accomplice of another person in the commission of an offense if:
(1) with the intent of promoting or facilitating the commission of an offense, he:
(i) solicits such other person to commit it; or
(ii) aids or agrees or attempts to aid such other person in planning or committing it; or
(2) his conduct is expressly declared by law to establish his complicity.

an agreement or plan to perpetrate a burglary, the crime of conspiracy is complete. However, a conspirator may escape criminal responsibility for the burglary itself if he withdraws from the conspiracy before the burglary is committed or attempted and provided his withdrawal is communicated to his co—conspirators in sufficient time to allow them to withdraw." (Citations omitted.)

Furthermore, the Commonwealth has failed to demonstrate that the trial court erred in sustaining Petrie's demurrer to the robbery charge. To avoid a demurrer in a criminal prosecution, the Commonwealth must come forward with evidence which establishes beyond a reasonable doubt each element of the crime charged. *Commonwealth v. Mason*, 483 Pa. 409, 397 A.2d 408 (1979). Therefore, the test to be applied in ruling on a demurrer to evidence by a defendant is whether the Commonwealth's evidence and all reasonable inferences arising therefrom are sufficient to support a verdict of guilty beyond a reasonable doubt of the crime under consideration. *Commonwealth v. Smith*, 262 Pa.Super. 258, 396 A.2d 744 (1978). The trial court in the instant case found the testimony to fall "far short" of proving the necessary elements of accomplice culpability arising out of a robbery charge. The court noted that Petrie was not the driver of the car and that throughout the entire incident Petrie was drunk in the back seat. The court further noted that the testimony of Searle, the Commonwealth's key witness, contained inconsistencies, all of which compelled the court to grant Petrie's demurrer. In view of the evidence in the instant case, we find no error in the trial court's ruling, and we affirm its decision.[5]

Affirmed.

5. Even if the Commonwealth's argument were sound, the action of the trial court, in sustaining the demurrer to the robbery charge but allowing the conspiracy charge to go to verdict, would be analogous to an inconsistent verdict. As such, it should be noted that consistent verdicts are not required in criminal cases and an inconsistent verdict is not a ground for reversal. *Commonwealth v. Glendening*, 262 Pa.Super. 357, 396 A.2d 793 (1978).