HOFFMAN, Judge:
This is an appeal from judgment of sentence entered June 3, 1994, stemming from appellant’s conviction for falsely incriminating another.[1] Appellant, Wilda Soto, presents the following issues for our review:
I. Whether the court erred in denying appellant’s demurrer at the close of the Commonwealth’s case in chief?
II. Whether the Court erred in granting the Commonwealth’s motion to amend the indictment in contravention to [Pa. R.Crim.P.] 220?
III. Whether the Court erred in denying appellant’s motion in limine to exclude evidence obtained in violation of the knock and announce rule?
IV. Whether the Court erred during the charge to the jury by failing to conform the charge to the elements of the crime and by failing to conform the charge to Pa.S.S.J.I.Crim. 15.4906A?
V. Whether the evidence was insufficient to sustain the verdict of the jury, whether the verdict is contrary to the law and weight of the evidence and as a matter of law was there reasonable doubt as to the appellant’s guilt when there was no evidence that the appellant gave false information with the intent to deceive law enforcement authorities to suspect someone else to have committed a criminal offence?
See Appellant’s Brief at 3. For the following reasons, we reverse.
The facts as set forth by the trial court are as follows:
This matter arose out of an attempt by the Northampton County Sheriff’s Department to execute a bench warrant. On January 18,1993, two deputy Sheriffs went to an apartment ... in order to serve a bench warrant on Wilda Soto.... They subsequently encountered [appellant] who denied being Wilda Soto and claimed to be Marisol Rodriguez, the babysitter [sic]. It *110 was later determined that [appellant] was, in fact, Wilda Soto.
Trial Court Opinion filed 6/3/94 at 1.
Appellant was subsequently arrested and charged with falsely incriminating another.[2] On January 11,1994, after a jury trial, appellant was found guilty of the one charge. On February 4, 1994, the trial court sentenced appellant to pay court costs, to undergo a probationary period of nine months, and to perform ten hours of community service. Appellant’s motion for judgment of acquittal and a new trial was denied on June 3, 1994. This timely appeal followed.
Appellant contends that the trial court erred in denying her demurrer[3] at the close of the Commonwealth’s case in chief. As the Commonwealth failed to present evidence to establish the necessary elements of the crime charged, we agree.
When ruling on a defendant’s demurrer, the test is whether the Commonwealth’s evidence and all reasonable inferences arising therefrom are insufficient to support a finding that the defendant was guilty beyond a reasonable doubt. See Commonwealth v. Petrie, 277 Pa.Super. 239, 243, 419 A.2d 750, 753 (1980) (to avoid demurrer in criminal prosecution, Commonwealth must come forward with evidence which establishes beyond reasonable doubt each element of crime charged).
In the instant ease, appellant was charged with falsely incriminating another. The four elements, which the Commonwealth must establish, to prove this crime are as follows: (1) the defendant must have made the statement to a law enforcement officer; (2) the defendant’s statement must be false; (3) the defendant must know the statement is false; and (4) the defendant must intend to implicate another. 18 Pa.C.S. § 4906(a).
Here, while the Commonwealth established the first three elements, they failed to present evidence which would establish the fourth element, intention to implicate another. The Commonwealth does not specifically allege that appellant led the officers to suspect Rodriguez had committed a crime. Nor do the facts or circumstances present in this case lead to a reasonable inference that appellant intended to implicate another. Falsely identifying oneself is not the same as intentionally implicating another individual. Cf. Commonwealth v. Long, 10 D & C 4th 252 (1989). Accordingly, for the above reasons, we reverse.[4]
Reversed.

. 18 Pa.C.S. § 4906(a).

. Initially, appellant was also charged with flight to avoid apprehension, trial or punishment. 18 Pa.C.S. § 5126(a). This charge was subsequently discharged.

. We note the 1993 Amendment to Pa.R.Crim.P. 1124 substitutes the term “motion for judgment of acquittal” for demurrer, but the comment to the amendment explains that the inadvertent use of the word “demurrer” is tolerated.

.Because of our disposition of this issue, we need not address the remaining issues.