**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WAYNE SHERMAN BAIR, JR., | : | No. 148 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 31, 2013,
in the Court of Common Pleas of Greene County
Criminal Division at No. CP-30-CR-0000471-2012

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 03, 2014**

Appellant appeals his conviction for conspiracy to commit burglary and conspiracy to commit theft by unlawful taking or disposition.[1] Finding that the trial court erred in instructing the jury, we will vacate the judgment of sentence.

On December 22, 2011, appellant drove himself and his cohorts, Brian Blosser and James Shriver, to the home of James and Tracy Ozohonish. Blosser and Shriver knocked on the door and determined that nobody was home. One of appellant's cohorts then returned to the car and told appellant to "go for a ride." Appellant then drove up the road and waited about 20 minutes. In the meantime, Blosser and Shriver broke into

---

[1] 18 Pa.C.S.A. §§ 903(a)(1), 3502(a), and 3921(a)(1)

the Ozohonish residence and stole jewelry and other items. Although a security system failed to alert authorities, video cameras recorded the crime in progress. Appellant then returned to the Ozohonish residence and picked up Blosser and Shriver. The three then went to a pawn shop where appellant and Blosser went inside and sold the stolen property. Appellant subsequently made a recorded confession that was played for the jury.

During its charge to the jury, the trial court first described conspiracy and the notion of criminal liability predicated upon the acts of a co-conspirator. Immediately after the court's instructions on conspiracy, the court informed the jury, "[t]here is another way that a person can be liable for the conduct of another, and that is by being an accomplice." The court then went on to describe accomplice liability. Following the court's charge as to accomplice liability, counsel objected to the court's charge as being inappropriate where the criminal charges are for conspiracy. (Notes of testimony, 9/10/13 at 83-84.) The jury was clearly confused as to the difference between an accomplice and a conspirator because it returned a question to the trial court asking the difference between the two. (*Id.* at 84.) The court explained that the essential difference is the existence of an agreement between the parties that raises the relationship of the parties to the level of a conspiracy. (*Id.* at 84-85.) The jury subsequently returned guilty verdicts on the aforementioned conspiracy charges. On appeal,

appellant again asserts that the trial court erred in charging the jury as to accomplice liability.

We begin our analysis with our standard of review:

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014), quoting *Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa.Super. 2007).

Accomplice liability is predicated upon two elements:

> To find [a defendant] guilty as an accomplice, a two-prong test must be satisfied. *Commonwealth v. Murphy*, 577 Pa. 275, 284, 844 A.2d 1228, 1234 (2004). First, there must be evidence to show that [the defendant] intended to facilitate or promote the underlying offense. *Id.* Second, there must be evidence that [the defendant] actively participated in the crime or crimes by soliciting, aiding, or agreeing to aid the principal []. *Id.* Both requirements may be established wholly by circumstantial evidence. *Id.* Only "[t]he least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice." *Commonwealth v. Coccioletti*, 493 Pa. 103, 109, 425 A.2d 387, 390 (1981). No agreement is required, only aid.

> *Commonwealth v. Graves*, 316 Pa.Super. 484,
> 463 A.2d 467, 470 (1983).

*Commonwealth v. Kimbrough*, 872 A.2d 1244, 1251 (Pa.Super. 2005),

*appeal denied*, 887 A.2d 1240 (Pa. 2005).

Conspirator liability, however, requires the finding of an additional prong, that being an agreement:

> "The intent required for criminal conspiracy is identical to that required for accomplice liability. In both crimes a defendant must act with the intent of promoting or facilitating the offense." *Commonwealth v. Davenport*, 307 Pa.Super. 102, 452 A.2d 1058, 1062 (1982). However, a mere finding that an individual was an accomplice of the criminal actor does not automatically establish that the individual was a conspirator with the actor. Accomplice liability and conspiracy are not one and the same crime. *Commonwealth v. Petrie*, 277 Pa.Super. 239, 419 A.2d 750, 752 (1980). Conspiracy requires proof of an additional factor which accomplice liability does not, namely the existence of an agreement. *Commonwealth v. Graves*, 316 Pa.Super. 484, 463 A.2d 467, 469 (1983).

*Commonwealth v. Murphy*, 795 A.2d 1025, 1038 (Pa.Super. 2002),

*affirmed*, 844 A.2d 1228 (Pa. 2004).

We find that in instructing the jury as to accomplice liability, the court incorrectly implied to the jury that appellant could be convicted without the finding that an actual agreement existed among appellant and his cohorts. However, appellant was charged and convicted of two counts of criminal conspiracy only; therefore, the jury was required to find that an actual agreement existed. Furthermore, the accomplice liability instruction was

also improper because appellant was not facing any charges upon which he could be found to be an accomplice. Appellant was not charged with the underlying crimes of burglary or theft by unlawful taking or disposition for which he potentially could have been found to be a mere accomplice. Appellant was charged only with criminal conspiracy.

Accordingly, having found that the trial court's jury instructions may well have confused the jury and permitted a finding of guilt as to criminal conspiracy without the finding of an agreement among the alleged conspirators, we must vacate the judgment of sentence.

Judgment of sentence vacated. Case remanded for re-trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014