J-A25013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMELLA MAY PARRIS | : | No. 1498 WDA 2021 |

Appeal from the Order Entered December 6, 2021,
in the Court of Common Pleas of Venango County,
Criminal Division at No(s):  CP-61-CR-0000584-2019.

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED:  December 2, 2022**

The Commonwealth of Pennsylvania appeals the order granting Carmella May Parris' post-verdict motion for judgment of acquittal after a jury convicted her of false reports of child abuse.[1]  Because the Commonwealth did not ensure that the trial exhibits were transmitted to this Court, we are unable to determine whether the evidence was sufficient to prove that Parris reported "child abuse" under 23 Pa.C.S.A. § 6303(b.1).  Therefore, we affirm.

On May 20, 2019, Parris drove her daughter Carmella Poch-Wilt to Poch-Wilt's supervised physical custody with R.S., her four-year-old son.  After the visit, Richard Freeman, the child's father, refused to reschedule Poch-Wilt's next custody period.  Poch-Wilt reacted by yelling that Freeman was high on

---

[1] 18 Pa.C.S.A. § 4906.1.

methamphetamines, as did Parris. Freeman left with R.S., and Poch-Wilt and Parris returned to Parris' home.

Back home, Parris made emergency telephone calls and told CYS representative Joshua Nace about Freeman. According to Nace, Parris said Freeman "had obtained custody of the child from Family Services after a visit. [H]e appeared to be grayish in skin tone, eyes were red and was twitching. [H]e was 'on something' or obviously was on something." N.T. Trial, 7/19/21, at 73. CYS worker Angello Perillo, who visited Freeman within hours of Parris' call, testified that Freeman did not appear to be under the influence of anything or to be endangering R.S.

The Commonwealth charged Parris with false reports of child abuse, conspiracy to commit false reports of child abuse, harassment, and conspiracy to commit harassment. At trial on July 19 and 20, 2021, the Commonwealth played Parris' calls for the jury and entered the 911 center's "incident detailed report" into evidence. The Commonwealth presented the testimony of numerous witnesses, including Nace, Perillo, and Poch-Wilt, who testified that Freeman did not appear to be on drugs.

The jury found Parris guilty of false reports of child abuse. Parris was acquitted of the remaining offenses. On August 23, 2021, the trial court sentenced Parris to pay a $300.00 fine. On September 2, 2021, Parris moved for a judgment of acquittal. On December 6, 2021, the trial court granted Parris' motion for judgment of acquittal. The Commonwealth timely appealed.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Hutchinson**, 947 A.2d 800, 805 (Pa. Super. 2008) (citation omitted). Therefore, this Court applies the same scope and standard of review that apply for a challenge to the sufficiency of the evidence:

> we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Additionally, the Commonwealth may sustain its burden solely by means of circumstantial evidence.

**Commonwealth v. Lake**, 281 A.3d 341, 345–46 (Pa. Super. 2022) (citations and quotation marks omitted).

Section 4906.1 of the Crimes Code defines the offense of false reports of child abuse, in relevant part: "A person commits a misdemeanor of the second degree if the person intentionally or knowingly makes a false report of child abuse under 23 Pa.C.S. Ch. 63 (relating to child protective services)."[2] 18 Pa.C.S.A. § 4906.1. The elements of this offense are: (1) the defendant must make a report of child abuse under Chapter 63, (2) the report must be

---

[2] A person also commits an offense under the same section by intentionally or knowingly inducing a child to make a false claim of child abuse under Chapter 63. 18 Pa.C.S.A. § 4906.1.

false, and (3) the defendant must either intend to make a false report or know that she is making a false report. **See** Pa. SSJI (Crim) § 15.4906.1 (May 2016);[3] **cf. Commonwealth v. Soto**, 650 A.2d 108, 110 (Pa. Super. 1994) (listing the elements of falsely incriminating another, 18 Pa.C.S.A. § 4906(a)). Furthermore, a defendant who is a mandated reporter, like Parris, has immunity from criminal liability for making a report of suspected child abuse if she is "acting in good faith," and good faith is presumed for mandated reporters. 23 Pa.C.S.A. § 6318(a), (c).

In granting Parris' motion for judgment of acquittal, the trial court reasoned in relevant part that the Commonwealth's evidence was insufficient to prove the first element of the offense, *i.e.*, that Parris reported "child abuse" as defined in 23 Pa.C.S.A. § 6303(b.1). Amended Trial Court Opinion, 2/25/22, at 5–6; Opinion, 12/6/21, at 5–6. Because Section 6303(b.1) does not define child abuse to include being "on something," the trial court found the Commonwealth's evidence to be insufficient to prove that Parris made a report of child abuse.

The Commonwealth contends that its evidence was sufficient that Parris reported child abuse, which includes "intentionally, knowingly or recklessly"

---

[3] The suggested standard criminal jury instruction states "that the defendant made the report intentionally, that is, not by mistake or accident, and, at the time, he or she knew that the report was false." Pa. SSJI (Crim) § 15.4906.1 (May 2016). The statute, however, requires both the action of making the report and the circumstance of the report's falsity to be either intentional or knowing. **See** 18 Pa.C.S.A. § 302(d) (providing that a culpability requirement that does not distinguish among the material elements applies to all such elements, "unless a contrary purpose appears").

"[c]reating a reasonable likelihood of bodily injury to a child through any recent act or failure to act." Commonwealth's Brief at 15 (quoting 23 Pa.C.S.A. § 6303(b.1)(5)). It argues that the trial court's standard is "overly technical" based on the elements of the offense:

> [Parris] clearly intended to report Freeman to child protective services by making a report of child abuse in that Freeman was purported to be supervising and picking up R.S., a 4 year old child, while under the influence of a controlled substance. [Parris] used the words "obviously on something" for a reason, and that was to convey that R.S.'s safety was at risk due to Freeman being high.

*Id.* at 19.

Whether conduct is child abuse is a question of statutory interpretation, which we review *de novo*. *In the Interest of L.J.B.*, 199 A.3d 868, 873 (Pa. 2018) (citing *Commonwealth v. Fant*, 146 A.3d 1254, 1260 (Pa. 2016)). Likewise, we will review *de novo* whether Parris' report described child abuse.

Initially, we reject the reasoning that Parris would have had to recite language from Section 6303(b.1) verbatim to report child abuse. If Parris told Nace that Freeman was "supervising and picking up R.S." while he was "obviously on something," this could indeed describe child abuse. "Picking up R.S." implies that Freeman was driving R.S., and being "obviously on something" means that he was under the influence of a controlled substance. Driving under the influence of a controlled substance with a child in the vehicle places the child at risk of bodily injury. *Commonwealth v. Winger*, 957 A.2d 325, 331 (Pa. Super. 2008), *abrogated on standard-of-review grounds by Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en*

*banc*) (holding that the Commonwealth established a *prima facie* case of endangering the welfare of children); *see also Lancaster Cty. Children & Youth Soc. Servs. Agency v. Dep't of Human Servs.*, 235 A.3d 402, 414 (Pa. Cmwlth. 2020) (holding that overdosing on heroin while alone with a baby in a car is child abuse under Section 6303(b.1)(5)).

However, according to Nace, Parris did not tell him that Freeman was "supervising and picking up" R.S.; Parris only reported that Freeman "had obtained custody of the child from Family Services after a visit." *Compare* Commonwealth's Brief at 19, *with* N.T. Trial, 7/19/21, at 73. Although driving under the influence increases the risk of harm to a child by the very nature of driving, the same cannot be said of merely having custody of a child while being "obviously on something." *See In the Interest of D.R.*, 216 A.3d 286, 295 (Pa. Super. 2019) (finding no probable cause that a parent committed child abuse from a report that he was intoxicated in the presence of a child). To prove that Parris reported child abuse, the Commonwealth would need evidence that Parris reported Freeman **driving** under the influence with R.S., not just **being** under the influence with R.S.

To provide this evidence, the Commonwealth points to the call recordings and the "incident detailed report" introduced at trial. However, these exhibits were not part of the certified record on appeal. As the appellant, the Commonwealth has the duty to ensure that the complete record reaches the appellate court. *Commonwealth v. Bongiorno*, 905 A.2d 998,

1000 (Pa. Super. 2006) (*en banc*).[4]  We cannot review the sufficiency of the Commonwealth's evidence without having that evidence before us.  Therefore, the Commonwealth's issue is waived.  ***Commonwealth v. B.D.G.***, 959 A.2d 362, 373 (Pa. Super. 2008) (*en banc*).

Order affirmed.

Judge McCaffery joins the Memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/2/2022

---

[4] The list of record documents transmitted to this Court does not note any exhibits.  ***See*** Pa.R.A.P. 1931(d).  Furthermore, while the Commonwealth cites these exhibits as part of its reproduced record, its reproduced record was never filed with this Court.  Although the trial court provided trial transcripts in response to this Court's informal inquiry, ***see Commonwealth v. Preston***, 904 A.2d 1, 7–8 (Pa. Super. 2006) (*en banc*), the exhibits from trial were not attached and do not otherwise appear in the certified record submitted to this court.