J-S05041-22

2022 PA Super 142

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :       PENNSYLVANIA
      :
    v.    :
      :
      :
      :
MICHAEL DAVID LAKE   :
      :
    Appellant    :   No. 456 MDA 2021

Appeal from the Judgment of Sentence Entered November 4, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001660-2019

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

OPINION BY DUBOW, J.:                    **FILED AUGUST 15, 2022**

Appellant, Michael David Lake, appeals from the Judgment of Sentence entered on November 4, 2020, after a jury convicted him of Intimidation of Witnesses or Victims ("Intimidation"), Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person ("REAP").[1] Appellant challenges the sufficiency and weight of the evidence to convict him of Intimidation, the jury charge on Intimidation, and the legality of his sentence. After careful review, we affirm.

On August 22, 2019, Appellant became angry with his romantic partner, ("Victim") after she questioned him about his excessive drinking. In response, Appellant, who was in the kitchen, threw a chair and a fan into the living room, where the Victim was located.

---

[1] 18 Pa.C.S. §§ 4952(a)(1), 2706(a)(1), 2701(a)(1), and 2705, respectively.

Appellant then came into the living room and pushed the Victim into a closet door and slapped her. The Victim then retrieved her phone from the kitchen and went to the bedroom. Appellant and the Victim struggled over the phone in their bedroom. Appellant was able to obtain control over the phone and began to twist and pound the phone. Appellant then took the phone to the other side of the bed and stomped on it, breaking the phone.

Appellant then threw the Victim onto their bed, punched her in the face multiple times, breaking her left orbital bone, and attempted to strangle her. The Victim's injuries required emergency surgery and the implantation of a metal plate into her face.

As a result of the above, the Commonwealth charged Appellant with Terroristic Threats, Simple Assault, REAP, Strangulation, Aggravated Assault as a first-degree felony,[2] and Intimidation as a first-degree felony.

Appellant's one-day jury trial occurred on July 16, 2020. The Victim testified on behalf of the Commonwealth consistent with the above recitation of facts. She further elaborated that when she picked up her phone after Appellant slapped her, Appellant "got angry because he thought I was going to call 911, and we struggled with the phone[.]" N.T. Trial, 7/16/20, at 39. Appellant did not object to this testimony.

At the conclusion of trial, the jury convicted Appellant of Intimidation, Terroristic Threats, Simple Assault, and REAP. The jury found Appellant not

_____

[2] 18 Pa.C.S. § 2702(a)(1).

- 2 -

guilty of Aggravated Assault and Strangulation. On November 4, 2020, the court sentenced Appellant to an aggregate term of 72 to 180 months' incarceration.

Appellant timely filed a post-sentence motion challenging, *inter alia*, the sufficiency and weight of the evidence and the propriety of the court's jury charge on Intimidation. On March 15, 2021, after a hearing and supplemental briefing, the court denied Appellant's motion. Appellant timely filed a Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the Commonwealth present sufficient evidence to sustain the conviction on Count 2, Intimidation of a Witness, as a matter of law?

2. Was the verdict reached by the jury against the weight of the evidence as to Count 2, Intimidation of a Witness?

3. Did the trial court commit an error of law or abuse its discretion by providing an erroneous jury instruction as to Count 2, Intimidation of a Witness?

4. Did the trial court commit an error of law by sentencing Appellant to Count 2 Intimidation of a Witness as a felony of the first degree?

Appellant's Br. at 10 (edited and reordered for ease of analysis).

**I.**

In his first two issues, Appellant asserts that the evidence of his *mens rea* to commit Intimidation was based solely on the Victim's speculative testimony that Appellant destroyed her phone "because he thought I was going to call 911[.]" Appellant's Br. at 26-30, 34-38 (citing N.T. Trial at 39).

He first argues that this evidence was legally insufficient to establish that he intimidated the Victim with the intent to or with knowledge that his conduct would prevent the Victim from contacting the police. *Id.* at 29.

When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Lynch*, 72 A.3d 706, 708 (Pa. Super. 2013) (*en banc*) (citation omitted). Any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001). Additionally, the Commonwealth may sustain its burden solely by means of circumstantial evidence. *Lynch*, 72 A.3d at 708.

The Crimes Code provides that a defendant commits the crime of Intimidation if "with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to[ r]efrain from informing or reporting to any law enforcement officer . . .

- 4 -

any information . . . relating to the commission of a crime." 18 Pa.C.S. § 4952(a)(1).

The trial court found that the Commonwealth's evidence was sufficient to prove that Appellant destroyed the Victim's phone with the intent of preventing her from contacting the police. Trial Ct. Op., 3/15/21, at 8. It observed that a person acts knowingly when "he is aware that it is a practical certainty that his conduct will cause such a result." *Id.* at 7 (citing 18 Pa.C.S. § 302(b)(2)(ii)). The court explained that the jury could reasonably infer from the evidence that Appellant "was aware that it was practically certain that breaking [Victim's] phone, the primary means through which she [c]ould contact police, would obstruct the administration of justice." *Id.* at 8.

We agree. Appellant destroyed the Victim's phone during an escalating assault. In particular, the Victim testified that Appellant threw furniture in her direction, then pushed and slapped her. N.T. Trial at 37-39. The Victim then walked from the living room to the kitchen to retrieve her phone. *Id.* at 39. She took the phone to the bedroom, where Appellant grabbed it out of her hand, and "began twisting the phone and pounding the phone, and he took it to the other side of the bed and he stomped it into pieces that it broke the whole screen[.]" *Id.* at 39-40. After destroying the Victim's only access to call the police, Appellant continued the assault, inflicting serious injuries on her, including breaking her orbital bone. *Id.*

Viewing this evidence in the light most favorable to the Commonwealth and granting it all reasonable inferences, the jury could reasonably infer that

- 5 -

Appellant was aware that the practical certainty of his breaking the Victim's phone while he was engaged in an escalating assault of the Victim would prevent Victim from reporting the assault to the police. As a result, we conclude that the Commonwealth's evidence was sufficient to support the jury's finding that Appellant acted with the requisite *mens rea* to prevent her from contacting the police and thus, commit the crime of Intimidation.

Appellant also argues that the *mens rea* element of his Intimidation conviction is against the weight of the evidence because the jury relied solely on Victim's testimony that he broke her phone "because he thought [she] was going to call 911[.]" Appellant's Br. at 34-38. We disagree.

Appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. **See Commonwealth v. Talbert**, 129 A.3d 536, 545-46 (Pa. Super. 2015). "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." **Id.** at 546 (citation and internal quotation marks omitted). As our Supreme Court has clarified, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" **Commonwealth v. Morales**, 91 A.3d 80, 91 (Pa. 2014) (emphasis omitted).

To establish the elements of Intimidation, the Commonwealth presented evidence in addition to the Victim's testimony that Appellant "got angry

because he thought I was going to call 911, and we struggled with the phone[.]" N.T. Trial at 39. The Commonwealth also presented testimony about the details of Appellant's escalating assault of the Victim during which Appellant grabbed and destroyed the Victim's phone. As a result, the jury did not convict Appellant solely on the basis of the Victim's testimony about Appellant's motivation for destroying her phone, but rather on the entire assault, from which the jury could reasonably infer that Appellant intended to prevent the Victim from calling the police. Therefore, the jury's conviction for Intimidation is not based on tenuous, vague, or uncertain evidence, but rather a reasonable inference from an escalating assault. Thus, the trial court did not abuse its discretion in denying Appellant's post-sentence weight challenge.

## II.

In his third issue, Appellant challenges the trial court's jury instruction on Intimidation. Appellant's Br. at 30-34. When reviewing a challenge to a jury instruction, we review the charge as a whole to determine if it is fair and complete. **Commonwealth v. Postie**, 200 A.3d 1015, 1026 (Pa. Super. 2018) (*en banc*). "The trial court commits an abuse of discretion only when there is an inaccurate statement of the law." **Id.** (citation omitted). "A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error." **Id.** (citation omitted).

In relevant part, the court instructed the jury as follows:

Fourth, [you must find] that the most serious offense charged in the case in which the defendant sought to influence or intimidate a witness or victim was a felony of the **third** degree.

N.T. Trial at 152 (emphasis added). The trial court, however, then stated: "I instruct you that in this case the most serious offense charged, aggravated assault, is a felony of the **first** degree." *Id.* (emphasis added).

Appellant argues that the court erred when instructing the jury that it must find that the most serious offense charged for the Intimidation offense was a felony of the third degree and not a felony of the first degree. Appellant argues that by instructing the jury that it only had to find that the Commonwealth had charged Appellant with a third-degree felony, the court lessened the degree of proof for a conviction of first-degree Intimidation. Appellant's Br at 32-33.

The trial court, however, found that Appellant waived this issue by failing to object to this portion of the jury instruction after the trial court charged the jury. Trial Ct. Op. at 10-11. We agree. "In order to preserve a claim that a jury charge was erroneously given, the Appellant must have objected to the charge at trial." **Commonwealth v. Parker**, 104 A.3d 17, 29 (Pa. Super. 2014). **See also** Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 302(b) ("Specific exception [must] be taken

to the language or omission [in the charge] complained of."). As Appellant did not object after the trial court charged the jury, this issue is waived.

Even if Appellant did not waive the issue, we would find that Appellant did not suffer prejudice from the trial court's misstatement that the jury must find that the Commonwealth charged Appellant with a third, and not a first, degree felony. Immediately after the misstatement, the trial court stated that "I instruct you that the most serious offense charged, aggravated assault, is a felony of the **first degree**." N.T. Trial at 152 (emphasis added). Also, as the trial court notes, the verdict slip contained an accurate statement of the law, asking whether the "case in which [Appellant] sought to influence or intimidate [Victim] involved a **felony of the first degree**." Trial Ct. Op. at 10 (citing Verdict Slip at 2) (emphasis added).

## III.

In his final issue, Appellant challenges the legality of his sentence for Intimidation on the grounds that the trial court erroneously graded the Intimidation conviction as a felony of the first degree. Appellant's Br. at 22-26. Appellant's challenge to the grading of the sentence invokes the legality of his sentence, to which we apply a *de novo* standard of review and plenary scope of review. **Commonwealth v. Mendozajr**, 71 A.3d 1023, 1027 (Pa. Super. 2013).

## A.

Appellant first argues that the sentencing court should have graded the Intimidation conviction as a third-degree felony, and not a first-degree felony,

- 9 -

because the evidence established that, at most, Appellant prevented the Victim from reporting a simple assault, not an aggravated assault. Appellant's Br. at 22-24.

The Crimes Code provides that when determining the grade for a conviction for Intimidation, the sentencing court must grade an Intimidation conviction according to the most serious crime that a defendant prevented a witness from reporting or testifying about. Of most importance to our analysis, however, is that the sentencing court must consider the **charge** that the Commonwealth filed against a defendant to determine the grading of the crime that the defendant prevented a witness from reporting. The statute does not require the sentencing court to consider whether the defendant is convicted of the underlying crime:

> (b) **Grading.**—
>
> > (1) The offense is a felony of the degree indicated in paragraphs (2)    through (4) if:
> >
> > * * *
> >
> > (2) The offense is a felony of the first-degree if a felony of the first-degree or murder in the first or second degree **was charged in the case** in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
> >
> > (3) The offense is a felony of the second degree if a felony of the second degree is **the most serious offense charged in the case** in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S. §§ 4952(b)(1)-(5) (some emphasis added).

In fact, the Superior Court, in interpreting Section 4952(b), rejected the argument that the grading of a conviction for Intimidation is based on a conviction of the crime that the defendant prevented a party from reporting. Instead, the Superior Court held that the grading was based on the type of offense the Commonwealth charged. In **Commonwealth v. Felder**, 75 A.3d 513, 516-17 (Pa. Super. 2013), the Commonwealth charged the defendant with Intimidation for preventing the victim from reporting an aggravated assault against the victim. The jury convicted the defendant of Intimidation but was deadlocked on the aggravated assault charge. The Commonwealth then *nolle prossed* the aggravated assault charge. The sentencing court, however, graded the Intimidation conviction as a first-degree felony because that was the most serious crime for which the Commonwealth had **charged** the defendant. *Id.*

The Superior Court affirmed the Judgment of Sentence, finding that the defendant's "alternative interpretation of this subsection would require us to insert additional language into the statute, namely that the first-degree felony charge 'continued to exist in the case at the time of sentencing.'" *Id.* at 517. The Court reasoned that "nothing in [S]ection 4952(b)(2) suggests that the legislature intended such a result. To the contrary, the statute's focus on the

most serious crime **charged** makes eminent sense, since the relevant charge is the most serious one a criminal defendant attempted to escape by use of intimidation." *Id.* (emphasis added).

In this case, an Aggravated Assault, a felony of the first degree, was the most serious crime with which the Commonwealth charged Appellant. Since the jury determined that Appellant sought to prevent the Victim from reporting a felony of the first degree, the sentencing court properly graded the Intimidation conviction as a felony of the first-degree. We, thus, reject Appellant's argument that the sentencing court should have graded the Intimidation offense based the conviction for simple assault.[3]

**B.**

Appellant's next argument is based on Appellant's interpretation of *Apprendi* and its progeny. Appellant argues that the trial court violated the Sixth Amendment of the U.S. Constitution by instructing the jury that the most serious crime that the Commonwealth had charged Appellant with was an aggravated assault, a felony of the first degree, rather than allowing the jury to determine the most serious charges that the Commonwealth had lodged against Appellant. Appellant's Br. at 25-26. Appellant bases this argument on his characterization of the charges that the Commonwealth filed against him

---

[3] Since the statutory language directs the sentencing court to grade Intimidation conviction on the charges that the Commonwealth filed against a defendant, we need not address Appellant's statutory interpretation that a defendant can only intimidate a witness from reporting a crime that has already occurred and not one that a defendant is about to commit. We, however, do not read the statutory language so narrowly.

as "an essential fact" that resulted in the "upper limits of [Appellant's] sentence to be fifteen years, rather than a statutory limit of seven years." **Id** at 26.

We disagree that the Sixth Amendment requires the jury to make a factual finding of the charges that the prosecutor lodged in the prosecution for which a defendant intimidated a witness. Rather, the factual determination is whether the act of intimidation is connected to the particular prosecution.

In **Apprendi v. New Jersey,** 530 U.S. 466, 490 (2000) the U.S. Supreme Court found that the Sixth Amendment requires a jury to find beyond a reasonable doubt "any fact that increases the penalty for a crime beyond the prescribed statutory maximum[.]" In other words, "any fact that increase[s] the prescribed statutory maximum sentence must be an 'element' of the offense [and] be found by a jury." **Alleyne v. United States**, 570 U.S. 99, 106 (2013). The U.S. Supreme Court applied this principle to a criminal statute that increased the mandatory minimum sentence based on a finding that the defendant "brandished" a firearm and concluded that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 117.

Our Supreme Court recently applied the **Apprendi** analysis to the grading provisions of an Intimidation conviction. In **Commonwealth v. Dixon,** 255 A.3d 1258, 1264 (Pa. 2021) the Supreme Court addressed whether Section 4952(b)(2) is "a mere grading provision relative to the

offense of witness intimidation or, as Appellant argues, an element of the first-degree-felony graded offense under **Apprendi** and its progeny."

The Supreme Court initially noted that Section 4952**(a)** of the Crimes Code defines the elements of the crime of Intimidation. This section focuses on the defendant's conduct in, *inter alia,* intimidating a witness so the witness refrains from testifying. **Id.** at 1260. If the jury finds that the defendant intimidated a witness, Section 4952**(b)** determines the grade of the conviction. **Id.** at 1261. Section 4952**(b)(1)** sets forth aggravating factors that focus on, *inter alia,* whether a defendant used violence to intimidate a witness. **Id.** As the Supreme Court found, if "no aggravating factors are present, the offense is graded as a second-degree misdemeanor." **Id**. at 1260. If the jury finds aggravating factors, "the offense is, by default, graded as a third-degree felony." **Id**. at 1261 (citing 18 Pa.C.S. § 4952(b)(4)).

The process of grading an Intimidation conviction with aggravating factors does not end there. Section 4952**(b)(2)**, which is the provision at issue in this case, focuses on the underlying prosecution for which the defendant intimidated the witness from testifying and applies the principle that if a defendant intimidated a witness from testifying at a trial where more serious crimes were charged, the sentencing court should grade the Intimidation conviction more severely. **See** 18 Pa.C.S. § 4952(b)(2). **See also Commonwealth v. Raymond**, 233 A.3d 809 (Pa. Super 2020) (observing that "[i]f the predicate criteria in Subsection 4952(b)(1) are met, the level of the intimidation charge can be further elevated by looking to the grading of

the underlying case in which the witness/victim was involved"). In particular, Section 4952(b)(2) provides that if a defendant intimidated a witness from testifying at a trial in which the Commonwealth had charged a defendant with a first-degree felony, then the sentencing court is to grade the Intimidation conviction as a first-degree felony. 18 Pa.C.S. § 4952(b)(2). Similarly, if the charges in the underlying prosecution are for a felony of the second degree, the sentencing court must grade the Intimidation conviction as a felony of the second degree. 18 Pa.C.S. § 4952(b)(3). *See Dixon*, 255 A.3d at 1261.

Before applying the statutory language of Section 4952(b)(2), the Supreme Court considered the facts in *Dixon*. Dixon, the defendant, shot, but did not kill, a witness who was scheduled to testify in a murder trial involving a friend of Dixon's, Evans. *Dixon*, 255 A.3d at 1260. The jury convicted Dixon of Intimidation and the sentencing court graded the conviction as a first-degree felony because Dixon sought to prevent a witness from testifying at Evans' murder trial, a prosecution involving a first-degree murder charge. *Id.* at 1262. The Commonwealth, however, had not presented any evidence about the prosecution of Evans. Instead, the trial court instructed the jury that it was Evans' prosecution at which Dixon had intimidated a witness from testifying. *Id.*

Dixon challenged the grading of the conviction as a first-degree felony, arguing that the Commonwealth did not present evidence linking Dixon's intimidating actions to Evans' murder trial; rather, the trial court made the factual connection itself by instructing the jury:

> The case in which the actor sought to influence or intimidate a witness or victim was first or second degree murder or a felony of the first degree. I instruct you that the crime is a felony of the first degree.

*Id* at 1262-63 (citation and emphasis omitted). Dixon concluded that since the trial court identified which prosecution Dixon attempted to intimidate a witness for, a factual determination connecting the acts of intimidation to a particular prosecution, the trial court usurped the role of the jury by making a factual determination that impacted the grading of the Intimidation conviction and violated the defendant's Sixth Amendment rights. *Id*. at 1263. Our Supreme Court agreed.

The Supreme Court started its analysis by concluding that Section 4952(b)(2) "undoubtedly relates to a factual finding, namely, that 'a felony of the first degree of murder in the first or second degree was charged **in the case in which the actor sought to influence or intimidate a witness.**" *Id.* at 1264-65 (emphasis added). In other words, *Apprendi* and its progeny require that to grade an Intimidation conviction as a felony of the first or second degree, the jury must connect the act of intimidation with a specific prosecution (*i.e.*, "the case in which the actor sought to influence or intimidate a witness"). Applying this principle to the facts of *Dixon*, the Supreme Court found that the trial court usurped the duty of the jury and violated Dixon's Sixth Amendment rights by making the factual determination of the prosecution that Dixon attempted to hinder. *Id.* at 1265.

In addition, the Supreme Court rejected the Commonwealth's argument that since the Commonwealth had presented evidence that it had charged

Dixon with an aggravated assault, a felony of the first degree, in Dixon's trial, the jury made a determination that the defendant hindered the prosecution of Evans' murder trial. *Id.* The Supreme Court emphasized that the Commonwealth was required to provide evidence of Evans' prosecution in order to grade Dixon's conviction as a first-degree felony and the Commonwealth failed to do so. *Id.* It was irrelevant that the Commonwealth charged Dixon with a first-degree felony because that was not the prosecution Dixon attempted to hinder:

> Here, "the case" Appellant sought to influence was that of Evans. Thus, to establish the (b)(2) predicate, the Commonwealth had to introduce proofs showing that in Evans' case a first-degree felony or murder in the first or second degree had been charged. Consequently, it is immaterial that other first-degree felonies were charged in **this** case.

*Id.*

We finally note that the Supreme Court distinguished *Felder*, finding that since the prosecution in *Felder* involved the defendant intimidating a witness in the same prosecution, "there was no need to distinguish the two cases. In many instances, however, the witness intimidation charge is prosecuted separately from the underlying charge." *Id.* The Supreme Court continued that "to establish the (b)(2) predicate, the Commonwealth had to introduce proofs showing that in Evans' case a first-degree felony or murder in the first or second degree had been charged." *Id.*

In this case, the jury made a factual determination about which prosecution Appellant intimidated the Victim from reporting. The jury

- 17 -

answered "yes" to the question on the verdict slip about whether the "case in which [Appellant] sought to influence or intimidate the [Victim] involves a felony of the first degree." Verdict Slip, filed 7/17/20, at 2 (unpaginated). **See also** Trial Ct. Op. at 10 (observing that "[t]he verdict slip asked . . . the jurors: "Did the case in which Michael Lake sought to influence or intimidate [the Victim] involve a felony of the first degree?"). Thus, the jury made the factual determination that the case that Appellant intimidated the Victim from reporting was the prosecution for a first-degree felony. Since the jury made this factual determination, the sentencing court correctly graded the Intimidation conviction as a felony of the first degree.

Contrary to Appellant's arguments, **Apprendi** does not require the jury to identify the actual charges the Commonwealth filed in the underlying prosecution. The actual charges that the prosecution lodges are not subject to dispute and are not an "essential" fact that resulted in the trial court's grading the Intimidation conviction as a first-degree felony. The charges merely establish the existence of a prosecution. The factual determination for the jury to make is to link the intimidating conduct to that particular prosecution. Since the jury did so, we reject Appellant's argument.

**IV.**

For the reasons discussed above, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/15/2022