J-S06038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL CALIXTO | : | |
| | : | |
| Appellant | : | No. 1512 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001117-2019

BEFORE:  STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:  **FILED: MARCH 31, 2023**

Appellant Daniel Calixto appeals from the judgment of sentence entered by the Court of Common Pleas of Luzerne County after a jury convicted Appellant of corruption of minors.[1] Appellant claims the trial court erred in grading his corruption of minors charge as a third-degree felony when the jury acquitted Appellant of the underlying indecent assault charge.[2] On appeal, the trial court agrees that this charge was graded incorrectly. We vacate Appellant's conviction of the felony corruption of minors charge and remand for resentencing on the lesser-included offense of corruption of minors graded as a misdemeanor of the first degree.[3]

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).
[2] 18 Pa.C.S.A. § 3126(a)(7) (complainant less than 13 years of age).
[3] 18 Pa.C.S.A. § 6301(a)(1)(i).

In February 2019, Appellant was charged with corruption of minors and indecent assault where both offenses were graded as felonies of the third degree. On April 23, 2019, the Commonwealth filed a criminal information listing both of these charges, which were based on allegations that Appellant sexually abused his minor stepdaughter ("the victim") between September 2014 and September 2018. The victim claimed that Appellant had touched her sexually since she was ten years old, recalling that Appellant put his hand down her pants and in her shirt on multiple occasions. Notes of Testimony (N.T.), 9/23/20 – 9/25/20, at 30, 34-35.

Thereafter, Appellant proceeded to a jury trial which began on September 23, 2020. At the conclusion of the evidence, the trial court provided the jury the following instructions on the offenses for which Appellant was charged:

> In Count 1, [Appellant] has been charged with corrupting a minor. To find [Appellant] guilty of this offense, you must find that each of the following three elements have been proven beyond a reasonable doubt:
>
> First, that [Appellant] was 18 years of age or older at the time of the incident giving rise to the charge. Second, that [the victim] was under 18 years of age at that time. And third, that [Appellant] engaged in a course of conduct that constituted the following sexual offense under the Crimes Code of Pennsylvania. *And in this case, it's alleged to be indecent assault*.
>
> And, that by that conduct, [Appellant] corrupted or tended to corrupt the morals of a minor, namely [the victim].
>
> In count 2, [Appellant] has been charged with indecent assault of a child. To find [Appellant] guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt:

First, that [Appellant] had indecent contact with [the victim] or caused [the victim] to have indecent contact with him. To prove [Appellant] had indecent contact with the alleged victim or caused the alleged victim to have indecent contact with him, the Commonwealth must prove that [Appellant] brought about a touching of the sexual or other intimate parts of the body by one of them - - of one of them by the other and that [Appellant] did so for the purpose of arousing or gratifying his own or the victim's sexual desire. Contact may be indecent even though the clothing of [Appellant] or a victim prevents their flesh from touching.

Second, that [the victim] was less than 13 years old. It is no defense if [Appellant] did not know the age of the child or the child lied about his or her age or [Appellant] honestly believed that the child was 13 or older or [Appellant] reasonably believed that the child was 13 or older.

If you find that these elements have been proven beyond a reasonable doubt, you should find [Appellant] guilty. If you do so find, you should indicate on the verdict form whether you also find the following element proven beyond a reasonable doubt: That there has been a course of conduct of indecent assault by the person.

A course of conduct means a pattern of actions composed of more than one act over a period of time however short evidencing a continuity of conduct.

N.T. at 320-321 (emphasis added).

After the jury began deliberating, the jury sent the trial court a note indicating that they were having trouble reaching a unanimous decision. The trial court asked them to continue with their deliberations a while longer to see if they could reach a consensus. N.T. at 328-329. Thereafter, the jury requested to hear the definitions of each of the charges again. N.T. at 330. The trial court reread the above instructions to the jury. N.T. at 330-332.

The jury ultimately convicted Appellant of corruption of minors but could not reach a verdict on the indecent assault charge. On July 22, 2021, the trial

court graded the corruption of minors charge as a third-degree felony and sentenced Appellant to nine to twenty-four months' imprisonment to be followed by two years' consecutive probation. The Commonwealth withdrew the indecent assault charge and indicated it would not seek further prosecution. While Appellant was deemed not to be a sexually violent predator, the trial court directed Appellant to register as a Tier I offender under SORNA II based on the corruption of minors conviction.

On August 2, 2021, Appellant filed a timely post-sentence motion in which he challenged, *inter alia*, the grading of the corruption of minors charge. On October 20, 2021, the trial court denied the post-sentence motion. Appellant filed a timely notice of appeal and complied with the trial court's directions to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4]

Appellant raises one issue for our review on appeal:

> Did the trial court impose an illegal sentence where the jury failed to find and the Commonwealth failed to prove that Appellant engaged in a "course of conduct" or the predicate offense of indecent assault and, therefore, when sentencing [] Appellant incorrectly graded the offense of corruption of minors as a felony of the third degree rather than misdemeanor of the first degree, 18 Pa.C.S.A. § 6301(a)(1)(i-ii)?

Appellant's Brief, at 2.

_____

[4] In its responsive opinion pursuant to Pa.R.A.P. 1925(a), the trial court agreed with Appellant that his corruption of minors conviction was incorrectly graded as a third-degree felony. The trial court requested that this Court remand the case in order to affirm Appellant's sentence for corruption of minors under Section 6301(a)(1)(i) and to resentence Appellant for this charge as a first-degree misdemeanor.

In asserting that his corruption of minors conviction was improperly graded, Appellant is challenging the legality of his sentence, to which we apply a *de novo* standard of review and plenary scope of review. ***Commonwealth v. Lake***, 281 A.3d 341, 348 (Pa.Super. 2022) (citing ***Commonwealth v. Mendozajr***, 71 A.3d 1023, 1027 (Pa.Super. 2013)).

Appellant was charged and convicted of corruption of minors under 18 Pa.C.S.A. § 6301(a)(1), which provides in relevant part:

> (1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
>
> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1).

In order to warrant additional penalties on a corruption of minors charge as a third-degree felony, the Commonwealth must show that the defendant engaged in a "course of conduct in violation of Chapter 31 (relating to sexual offenses) [of the Crimes Code]." 18 Pa.C.S.A. § 6301(a)(1)(ii). Our Supreme Court recently held that Section 6301(a)(1)(ii) includes as an essential element of the offense "a requirement that the Commonwealth prove beyond a reasonable doubt that the accused engaged in a course of conduct involving

- 5 -

a breach of some law or laws contained in Chapter 31 of the Crimes Code."
***Commonwealth v. Baker-Myers***, 255 A.3d 223, 234 (Pa. 2021).

In ***Baker-Myers***, the defendant raised a sufficiency challenge to his third-degree felony corruption of minors conviction when he was acquitted of the underlying sexual offenses that were charged. The Supreme Court held specifically held that:

> [a]lthough the Commonwealth is not required to formally charge or secure a conviction for a predicate Chapter 31 offense, where, as here, the jury is specifically instructed on the predicate offense or offenses pertaining to the corruption of minors charge, and the jury then renders an acquittal on all such predicates, a conviction for felony corruption of minors cannot stand.

***Id***. at 235. As the prosecution had charged Baker-Myers with specific sexual offenses under Chapter 31 and trial court had instructed the jury regarding the applicable predicate offenses of the corruption of minors charge, the jury's decision to acquit Baker-Myers of the underlying sexual offenses rendered the evidence insufficient as a matter of law with respect to the corruption of minors conviction.

In this case, as noted above, the prosecution charged Appellant with corruption of minors and the underlying offense of indecent assault. The trial court specifically instructed the jury that in order to convict Appellant of corruption of minors, the jury would have to find that Appellant engaged in a course of conduct that constituted the sexual offense of indecent assault under the Crimes Code of Pennsylvania. The trial court did not instruct the jury on any other offense under Chapter 31 of the Crimes Code. Thereafter, the jury

convicted Appellant of corruption of minors but could not reach a verdict on the indecent assault charge.

While the facts of this case are not identical to those in **Baker-Myers** in which the jury acquitted the defendant of the underlying predicate charges, we find the same rationale applies to the jury's failure to reach a verdict on the underlying indecent assault charge in this case.

When viewing the criminal information and the trial court's instructions to the jury in this case, the jury was informed that the Chapter 31 offense of indecent assault was an essential element of the third-degree felony charge of corruption of minors. As the jury failed to make a determination that Appellant committed indecent assault, the prosecution failed to prove beyond a reasonable doubt that Appellant engaged in a course of conduct in violation of Chapter 31 of the Crimes Code. Thus, the evidence supporting Appellant's felony corruption of minors conviction was insufficient as a matter of law.

Accordingly, we vacate the judgment of sentence for the corruption of minors conviction and remand for the trial court to resentence Appellant for corruption of minors graded as a first-degree misdemeanor. **See Baker-Myers**, 210 A.3d at 1096. The trial court must also determine whether Appellant is still required to register with the State Police pursuant to SORNA.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2023