J-S16020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2039 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 6, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001345-2021

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.: **FILED AUGUST 6, 2024**

Jeffery Williams ("Williams") appeals from the judgment of sentence imposed following his conviction for persons not to possess firearms and firearms not to be carried without a license.[1] After review, we affirm.

In 2021, Colwyn Borough police officers initiated a traffic stop after Williams failed to stop at a stop sign. While questioning Williams and his passenger, police smelled marijuana. Williams admitted that there was marijuana in the vehicle, for which he was the registered owner, and indicated that he would provide the marijuana to the officers. Williams then placed his hand on a gray bag in the back seat of the vehicle, which was within his reach, and his hand began to shake. Williams eventually provided consent for the police to search the vehicle. In conducting the search, police found a 9mm

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1).

pistol in the gray bag, along with several bags of marijuana, a scale, two cell phones, and a box of baggies. Police arrested Williams and charged him with numerous offenses. At his preliminary hearing, Williams stipulated that the firearm was operable and that he was ineligible to possess a firearm. **See** N.T., 3/24/21, at 4. The matter was bound for court. In the criminal information, the Commonwealth charged Williams with persons not to possess firearms, and indicated therein that the offense was graded as a first-degree felony due to his 2014 conviction for delivery of a controlled substance and his subsequent possession of a firearm in this matter. Williams subsequently waived his right to a jury trial, and the matter proceeded to a non-jury trial. At trial, with the knowledge that the Commonwealth was pursuing the charge of persons not to possess firearms as a first-degree felony, counsel for both parties stipulated that Williams was prohibited from possessing a firearm for purposes of section 6105 of the Pennsylvania Uniform Firearms Act.[2] **See** N.T., 11/16/22, at 7. At the conclusion of the non-jury trial, the court found Williams guilty of persons not to possess firearms (graded as a felony of the first degree), and firearms not to be carried without a license (graded as a felony of the third degree).

On March 6, 2023, the trial court sentenced Williams to a term of four to eight years' incarceration for persons not to possess firearms, followed by a consecutive term of two years' probation for firearms not to be carried

_____

[2] **See** 18 Pa.C.S.A. §§ 6101-6127.

without a license. On March 8, 2023, Williams filed a timely post-sentence motion and a separate application to file a supplemental post-sentence motion upon the receipt of notes of testimony. On March 10, 2023, the trial court entered an order denying Williams' application to file a supplemental post-sentence motion. The order did not address the March 8, 2023 post-sentence motion. On March 13, 2023, Williams filed a second timely post-sentence motion. On July 10, 2023, the post-sentence motions were denied by operation of law. On August 3, 2023, Williams filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement. The trial court authored a Rule 1925(a) opinion.[3]

Williams raises the following issue for our review:

> Whether the sentence imposed for persons not to possess firearms . . . graded as a felony is illegal, because the prosecution failed to establish . . . Williams is prohibited from possessing firearms as a result of a felony conviction enumerated in [section] 6105(b), a felony conviction under Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act, or any other equivalent federal or state statute?

Williams' Brief at 5 (italics omitted).

An appellant's challenge to the grading of an offense for sentencing purposes implicates the legality of the sentence. *See Commonwealth v.*

---

[3] In its initial Rule 1925(a) opinion, the trial court incorrectly concluded that Williams' notice of appeal was untimely filed, and as such, his appeal was invalid. However, this Court determined that Williams' appeal was timely filed, and accordingly directed the trial court to prepare a supplemental Rule 1925(a) opinion addressing the merits of Williams' issues, which the trial court did.

***Lake***, 281 A.3d 341, 348 (Pa. Super. 2022). When reviewing such a claim, we apply a *de novo* standard of review, and our scope of review is plenary. ***See id***.

Section 6105(a)(1) prohibits persons from possessing firearms if they have been convicted of certain crimes enumerated in subsection (b), including certain firearms offenses. ***See*** 18 Pa.C.S.A. § 6105(a)(1), (b). The proscription of subsection (a)(1) also extends to individuals who have engaged in specific conduct described in subsection (c), which includes, *inter alia*, violations of the Controlled Substance, Drug, Device, and Cosmetic Act or any equivalent federal or state statute punishable by a term exceeding two years. ***See id***. at § 6105(a)(1), (c).

Although a section 6105 violation is, by default, graded as a misdemeanor of the first degree, subsection (a.1)(1) elevates the grading of the offense to a felony of the second degree where the defendant was convicted of any felony offense enumerated in subsection (b) or a felony violation of the Controlled Substance, Drug, Device, and Cosmetic Act or equivalent federal or state statute. ***See id***. at § 6105(a.1)(1); ***see also Commonwealth v. Hale***, 128 A.3d 781, 782 (Pa. 2015). For a conviction to be graded as a first-degree felony, the Commonwealth must prove that the defendant was convicted of a felony offense enumerated in subsection (b) or a felony violation of the Controlled Substance, Drug, Device, and Cosmetic Act or equivalent federal or state statute, and that the defendant either (1) had previously been convicted of an offense under section 6105(a); or (2) "was in

- 4 -

physical possession or control of a firearm, whether visible, concealed about the person, or within the person's reach." **See** 18 Pa.C.S.A. § 6105(a.1)(1.1)(i)(A)-(B).

With respect to subsection 6105(a.1)(1.1)(i)(B), our Supreme Court has interpreted the "physical possession or control of a firearm" language to mean "the knowing exercise of power over a weapon, which may be proven through evidence of a direct, physical association between the defendant and the weapon or evidence of constructive control." **Commonwealth v. Hanson**, 82 A.3d 1023, 1036-37 (Pa. 2013). The High Court determined that constructive control is analogous to constructive possession, defining it as "the ability to exercise a conscious dominion and the intent to do so." **Id**. at 1037. This additional factor of possession is not an element of the offense, but it is an additional fact that the fact-finder must determine at trial. **See Commonwealth v. Gomez**, 224 A.3d 1095, 1103 (Pa. Super. 2019).

Williams argues that the trial court erred when it graded his conviction for persons not to possess firearms as a first-degree felony. Williams claims that the prosecution failed to prove that he had been convicted of a felony enumerated in section 6105(b) or (c). Although Williams concedes that his counsel stipulated that Williams is ineligible to possess a firearm under section 6105, Williams nevertheless maintains that the Commonwealth was still required to prove that he committed a prior felony offense and that his prior offense occurred while he was an adult. Williams acknowledges that the prosecution referenced prior unspecified firearm arrests and a "QUID"

(perhaps "PWID")[4] charge at sentencing, but argues that the Commonwealth needed to specify further whether any of these arrests resulted in convictions, and if so, whether they disqualified him from possessing a firearm under section 6105. On this basis, Williams contends that his sentence is illegal, his sentence must be vacated, and the matter should be remanded to the trial court for resentencing of this offense graded as a misdemeanor.

The trial court determined that Williams' claim was without merit. The court reasoned as follows:

> . . .[T]he Commonwealth presented overwhelming evidence [that Williams] possessed the firearm. The evidence demonstrated [Williams], following a traffic stop by Officer Devon Dante Darden, told Officer Darden there was marijuana in the car. [Williams] consented to a search of his vehicle. As a result of the search, the firearm was located inside a gray bag located in the middle of the backseat of [Williams'] car. The bag was within arm's reach of [Williams]. Williams reached for the bag and placed his hand on the bag when Officer Darden went to search it. Officer Darden testified he observed [Williams'] hands were trembling. Officer Darden testified he found the firearm in the bag. The vehicle was registered to [Williams]. Having listened to the testimony, this court determined [Williams] possessed the firearm. The Commonwealth demonstrated [Williams] knew the firearm was located and accessible in the gray bag in the back seat of the vehicle[.] This court reasonably inferred [Williams] put the firearm into the bag and placed the bag into the back seat of his vehicle and determined [Williams] possessed the firearm. This court considered Officer Darden's testimony concerning [Williams'] behavior during the stop. Based on the totality of the circumstances the Commonwealth proved beyond a reasonable

---

[4] The acronym "PWID" is commonly used as a shorthand reference to the crime of possession of a controlled substance with the intent to deliver, which is an offense under the Controlled Substance, Drug, Device, and Cosmetic Act. **See** 35 P.S. § 780-113(a)(30).

- 6 -

doubt [Williams] possessed the firearm located in the vehicle [Williams] was driving.

* * * *

In the present case, . . . the attorneys for the Commonwealth and [Williams] stipulated *inter alia* [Williams] "is not able to possess" the firearm in this case **for purposes of 18 Pa.C.S.[A.] §6105**. . . . As a result, [Williams] assented to the facts supporting the stipulation, specifically the fact [Williams] "is not able to possess" the firearm in this case for purposes of [section 6105], and obviated the Commonwealth's burden to demonstrate through additional evidence (*e.g.*, a certified record of [Williams'] criminal history demonstrating a previous felony conviction for possession with intent to deliver a controlled substance, or competent testimony concerning [Williams'] criminal history), [Williams] "is not able to possess" the firearm in this case for purposes of [section 6105]. A review of the record, including the stipulation agreed to by [Williams], is sufficient to prove beyond a reasonable doubt [that Williams] is a person not to possess firearms.

* * * *

In the present case, the evidence supports the verdict of guilty for the charge person not [to] possess a firearm graded as a felony of the first degree, and not as a misdemeanor of the first degree.

PCRA Court Opinion, 6/27/24, at 22-23, 24, 26 (emphasis in original, citations and unnecessary capitalization omitted).

After review, we discern no error by the trial court in grading Williams' conviction for persons not to possess firearms under section 6105 as a first-degree felony. Notably, Williams does not challenge the trial court's finding that he possessed the firearm found in the gray bag on the back seat of his vehicle. Instead, he challenges the trial court's determination that he was ineligible to possess a firearm due to a prior disqualifying felony conviction.

However, Williams stipulated both at his preliminary hearing and at trial that he was a person not to possess a firearm under section 6105. **See** N.T., 11/16/22, at 7; **see also** N.T., 3/24,21, at 4. At trial, Williams entered this stipulation with the understanding that the Commonwealth had graded the charge as a first-degree felony based on a prior qualifying felony conviction. Thus, by stipulating that he was a person not to possess firearms for purposes of section 6105, Williams agreed that he had been convicted of a qualifying prior felony conviction and that the Commonwealth was relieved of proving this element under section 6105(a.1)(1.1)(i)(B). Accordingly, we discern no error by the trial court in grading his conviction as a first-degree felony pursuant to this section. As a result, Williams' sentence is not illegal, and he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/6/2024