J-A05003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KULJINDER SINGH | : | |
| | : | |
| Appellant | : | No. 1498 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 9, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002661-2022

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:           **FILED MARCH 22, 2024**

Appellant Kuljinder Singh appeals from the judgment of sentence entered by the Delaware County Court of Common Pleas on February 9, 2023, after the trial court convicted him of Terroristic Threats.[1] Appellant challenges the sufficiency and weight of the evidence and asserts that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), in failing to disclose videographic evidence. After careful review, we affirm.

On March 4, 2022, Appellant approached Majit Singh Gill ("Victim") near Victim's service station in Upper Darby Township. The trial court summarized the encounter as follows, based on the evidence it found credible:

> Appellant approached [Victim] around 8:30 P.M. on that night, wearing a bandana type mask. [Victim] asked, "Is that [Appellant]?" To which, Appellant responded, yes and briefly removed his mask. [Appellant] then told [Victim], I am here to

---

[1] 18 Pa.C.S. § 2706(a)(1).

"take care of you, if you don't back off, I'm going to shoot you."
He then motioned toward something on his waistband. [Victim]
testified that Appellant then walked away and got in his car which
was parked on the street. [Victim] then got in his car and followed
Appellant's vehicle to get his license plate number. [Victim]
testified that he took the threat to mean that Appellant was going
to shoot him if he did not drop his Federal lawsuit against Avtar
Kaur, who is Appellant's business partner and friend.

Trial Ct. Op., 8/8/23, at 1 (citations omitted). Subsequently, the
Commonwealth charged Appellant with Terroristic Threats, Harassment, and
Simple Assault.

On February 6, 2023, the trial court presided over a non-jury trial at
which Victim testified as set forth above. Appellant presented the testimony
of Jaspal Singh[2] and Janmeet Singh Millu. They asserted that Appellant, Ms.
Kaur, and Jaspal Singh traveled from Georgia to Mr. Millu's home in New
Jersey to verify witnesses' addresses relating to Victim's federal lawsuit
against Ms. Kaur.[3] Jaspal Singh and Mr. Millu stated that they accompanied
Appellant that evening to one of the witnesses' addresses, which was a
property owned by Victim across the street from Victim's service station.
Jaspal Singh and Mr. Millu testified that Appellant exited the car at the address
but that they did not see the encounter with Victim. Mr. Millu stated that
Victim followed their vehicle and attempted to speak to Appellant.

_____

[2] Jaspal Singh is the husband of Ms. Kaur, against whom Victim had filed the
federal lawsuit.

[3] Ms. Kaur's attorney in the federal case additionally testified that he had
discussed the possibility of Appellant verifying the witnesses' addresses after
unsuccessfully attempting to serve them.

Appellant testified in his own defense, claiming that Victim initiated the encounter, while Appellant was attempting to verify the address. Appellant asserted that he told Victim that he did not want to talk to Victim and drove away from the scene, but Victim followed and threatened to kill him. Appellant also alleged that Victim recorded the incident on his phone.

On February 9, 2023 , the trial court found Appellant guilty of a single count of Terroristic Threats and imposed a sentence of 12 months of probation. The court found him not guilty of Harassment, and the Commonwealth withdrew the count of Simple Assault.

On February 17, 2023, Appellant filed a post-sentence motion, raising, *inter alia*, the issues he presents to this Court. The trial court denied the post-sentence motion on May 12, 2023.

On June 5, 2023, Appellant filed a notice of appeal. Subsequently, both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

1. Did the [t]rial [c]ourt err by entering a verdict which was against both the weight and sufficiency of the evidence?

2. Is [Appellant] entitled to a new trial on account of the Commonwealth's inadvertent withholding of videographic evidence?

Appellant's Br. at 3.

## A.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Accordingly,

"our standard of review is de novo[,] and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013). "When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn from the evidence." ***Commonwealth v. Lake***, 281 A.3d 341, 345 (Pa. Super. 2022), *appeal denied*, 291 A.3d 333 (Pa. 2023). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Widmer***, 744 A.2d at 751.

Appellant challenges the sufficiency of the evidence supporting his conviction of Terroristic Threats. "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S. § 2706(a)(1). Terroristic threats does not require proof of the defendant's "ability to carry out the threat" or the victim's belief that the threat will be carried out. ***Commonwealth v. Kline***, 201 A.3d 1288, 1290 (Pa. Super. 2019). Indeed, the effect of the threat on the victim, such as fear or terror, "while representative of the harm that our legislature sought to address, is not an element of the crime of terroristic threats." ***In the Interest of E.L.W.***, 273 A.3d 1202, 1208 (Pa. Super. 2022).

Appellant asserts that the Commonwealth's evidence "was insufficient to prove that the person who was the target of the threat was ever placed in

- 4 -

terror." Appellant's Br. at 11. We reject Appellant's argument because the crime of Terroristic Threats does not require proof that the target of the threat experienced terror. Rather, we agree with the trial court that the Commonwealth produced evidence sufficient to demonstrate Terroristic Threats. As recognized by the trial court, "Appellant communicated a threat of violence, a threat that he would shoot the victim, and then communicated by gesturing to his waistband, a gesture which was intended to make the victim believe he had a firearm on his person." Trial Ct. Op. at 5. Accordingly, Appellant's sufficiency claim fails.

**B.**

Appellant next challenges the weight of the evidence. In reviewing a weight of the evidence claim, an appellate court does not directly assess the "underlying question of whether the verdict is against the weight of the evidence" but, rather, whether the trial court abused its discretion in determining that the verdict was not so contrary to the evidence as to shock the trial court's conscience. *Lake*, 281 A.3d at 346-47. We reiterate that "[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Miller*, 172 A.3d 632, 642 (Pa. Super. 2017) (citation omitted).

Appellant contends that the verdict is against the weight of the evidence. Appellant's Br. at 15-17. He argues that the trial court should have credited his and his supporting witnesses' testimony over the testimony of Victim,

especially because Victim had a prior *crimen falsi* conviction.[4] Appellant argues that "[t]he trial court has arbitrarily picked sides in returning its verdict and has not convincingly established why the testimony of [V]ictim was weightier than that of [Appellant]." *Id*. at 16.

The trial court concluded that the verdict was not against the weight of the evidence, explaining that it found Victim's testimony credible and Appellant's testimony not credible. Trial Ct. Op. at 5-6 While acknowledging that the primary purpose of Appellant's trip from Georgia could have been to verify the witnesses' addresses, the court did not find it credible that Appellant drove over an hour from New Jersey, where he was staying, to Upper Darby at 8:30 at night "to simply verify addresses." *Id.* at 5. The court emphasized that the other two witnesses could not see Appellant during the encounter with Victim near the service station.

Appellant fails to show that the trial court abused its discretion in concluding that its verdict was not against the weight to the evidence. To the contrary, the court ably explained its reasoning for finding Appellant's testimony not credible. As noted, the trial court, as fact finder, has the authority to determine the credibility of witnesses. Accordingly, we reject Appellant's challenge based on the weight of the evidence.

---

[4] Appellant presented evidence that Victim committed a summary offense of Possession of Unstamped Cigarettes, 72 P.S. § 8273(a). N.T., 2/6/23, at 32-38.

## C.

In his final issue, Appellant seeks a new trial claiming that the Commonwealth violated **Brady** by failing to turn over videographic evidence. Appellant's Br. at 18-23.

Under **Brady** and its progeny, the prosecution violates a defendant's due process rights by withholding exculpatory evidence. **Commonwealth v. Bagnall**, 235 A.3d 1075, 1077 n.1 (Pa. 2020). A **Brady** claim "presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Id.** at 1084.

In asserting a **Brady** claim, a defendant must prove that: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued." **Id.** at 1086.

Appellant claimed that the Commonwealth violated **Brady** by failing to turn over (1) Victim's cell phone video of the encounter and (2) security footage from Victim's service station. The trial court addressed only the former, despite Appellant raising his challenge regarding the security cameras in its post-sentence motion. Specifically, it found that "[t]here is simply no information to show this video existed, the Commonwealth possessed it, nor that it was exculpatory." Trial Ct. Op. at 7.

Appellant argues that this reasoning should not apply to the video from the service station security cameras given that Victim testified at the

Preliminary Hearing that he gave detectives the security footage from 10-12 cameras. Appellant's Br. at 21-22 (citing N.T. Prelim. Hr'g, 6/3/22, at 9-10). Appellant claims "the video could have been proven exculpatory" as it could have shown which person approached the other and whether either gestured to their waistbands. *Id.* at 22-23. In a single sentence, Appellant also asserts that the Commonwealth should have provided defense counsel with Victim's cell phone video. *Id.* at 23.

Upon review, we conclude that Appellant's *Brady* claim fails. First, as the trial court found, Appellant does not meet his burden regarding Victim's cell phone video because he does not demonstrate that the video existed, let alone that it was exculpatory or material. Rather, the only evidence supporting the existence of the video is Appellant's own testimony, which the court did not find credible.

Second, assuming the existence of security camera footage, Appellant claims that the security camera video "could have been proven exculpatory" because it "could have impeached" Victim's testimony. Appellant's Br. at 22-23. These speculative claims, however, do not satisfy Appellant's burden to prove that the evidence was favorable or material.[5] Accordingly, we conclude that Appellant has not established a right to relief under *Brady*.

After careful review, we affirm the judgment of sentence, concluding that Appellant failed to establish a right to relief on any of his claims.

---

[5] Indeed, Victim testified to the contrary, stating that "[i]t was dark" and that he did not "know how far the cameras reach[ed.]" N.T. Prelim. Hr'g at 9.

Judgment of sentence affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/22/2024