J-S02001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE FLEMING, JR. | : | |
| | : | |
| Appellant | : | No. 116 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004310-2022

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 20, 2026**

Appellant Terrance Fleming Jr. appeals from the judgment of sentence imposed following his convictions for first degree murder, carrying a firearm without a license, carrying a firearm on a public street or public property in Philadelphia, possession of an instrument of crime (PIC), and tampering with physical evidence.[1] On appeal, Appellant's counsel, Gary Server, Esq. (Appellate Counsel), filed a petition to withdraw and an **Anders**/**Santiago** brief.[2] After careful review, we grant Appellate Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] 18 Pa.C.S. §§ 2502(a), 6106(a)(1), 6108, 907(a), 4910(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

The trial court set forth the underlying facts as follows:

Shortly before 1:00 p.m. on April 20, 2021, the decedent, Bryant Heard, was involved in a minor car accident with Reginald Knight in front of Mr. Knight's residence on the 5200 block of Camac Street in Philadelphia. After Mr. Heard and Mr. Knight exchanged contact information, Mr. Heard pulled away, attempting to make a left turn from Camac Street onto Wagner Avenue, when another car, driven by Tyree Fleming,[FN4] [Appellant's] younger brother, hit Mr. Heard. Tyree was driving an estimated eighty miles per hour as he hit Mr. Heard, pushing another car against a tree and spinning out of control, causing severe damage to three vehicles in the process.

> [FN4] Since [Appellant] and Tyree share the same last name of Fleming, the court refers to Tyree by his first name to avoid confusion.

Following the second car accident, Mr. Knight went to the corner of Camac Street and Wagner Avenue and saw Tyree hanging out of his car, motionless. [Appellant], who had been across the street working on his own car at the time, also went to the corner and saw Tyree hanging out of the car. [Appellant] then ran back to his own car, retrieved a gun from the car and returned to the scene of the second accident. While Mr. Heard was looking at the damage from the collision, [Appellant] said, "you killed my baby brother," and shot Mr. Heard. After Mr. Heard fell to the ground, [Appellant] stood over Mr. Heard's body and repeatedly shot him again, a total of five times. [Appellant] then ran into his house at 5242 Camac Street, came back out, picked up the shell casings, and threw them in a nearby sewer.

At approximately 1:06 p.m., Philadelphia police officers arrived at the crime scene. Upon arrival, officers discovered Mr. Heard lying in the street, suffering from multiple gunshot wounds to his head, wrist, and chest. Police observed blood pouring from Mr. Heard's head onto the street, and that there were no signs of life. The police transported Mr. Heard to Einstein Medical Center, where he was pronounced dead at 1:20 p.m. The medical examiner determined that Mr. Heard's cause of death was multiple gunshot wounds, and his manner of death was homicide. [Appellant] was not licensed to carry a firearm on the date of the shooting.

Trial Ct. Op., 3/7/25, at 2-4 (some formatting altered and internal citations omitted).

After a jury trial, Appellant was convicted of the above-stated charges. On October 9, 2024, the trial court imposed a mandatory sentence of life in prison without parole for first-degree murder,[3] followed by concurrent sentences of two to five years for carrying a firearm without a license, nine months to five years for carrying a firearm on the public streets of Philadelphia, and one to five years for PIC, for an aggregate sentence of life in prison.[4]

Appellant filed a timely post-sentence motion challenging the weight and sufficiency of the evidence, which the trial court denied. **See** Post Sentence Mot., 10/12/24; Trial Ct. Order, 11/21/24. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

After Appellant filed his notice of appeal, Appellant's trial counsel, Paul DiMaio, Esq., filed a motion to withdraw as counsel, which this Court granted on April 4, 2025. **See** Mot. to Withdraw, 3/17/25; Order, 4/4/25. Thereafter, Appellate Counsel was appointed to represent Appellant for the purposes of his direct appeal.

In the **Anders**/**Santiago** brief, Appellate Counsel concludes that there are no non-frivolous issues on appeal. **See Anders**/**Santiago** Brief at 16-24.

_____

[3] **See** 18 Pa.C.S. § 1102(a).

[4] No further penalty was imposed on the tampering with physical evidence charge. **See** Sentencing Order, 10/9/24.

- 3 -

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the following requirements, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

- 4 -

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, nonfrivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*). Moreover, we note that when an issue is waived, it is deemed a frivolous issue. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (stating that when an issue has been waived, "pursuing [the] matter on direct appeal is frivolous").

Here, Appellate Counsel has complied with the procedural requirements by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Appellate Counsel also includes a summary of the relevant facts and procedural history, refers to portions of the record that might arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, Appellate Counsel has met the technical requirements of **Anders** and **Santiago** and we will proceed to address the issues identified in Appellate Counsel's **Anders**/**Santiago** brief.

In the **Anders/Santiago** brief, Appellate Counsel first identifies a potential claim challenging the trial court's conclusion that Appellant was not entitled to a voluntary manslaughter jury instruction because he was arguing an alibi defense at trial. **See Anders/Santiago** Brief at 17. Appellate Counsel ultimately concludes that Appellant's argument is waived, and, therefore, frivolous on direct appeal. **See id.** at 17-18.

Our Supreme Court has explained that, "no portion of a jury charge or omissions therefrom may be assigned as error, unless specific objections are made before the jury retires to deliberation." **See Commonwealth v. Knight**, 241 A.3d 620, 645 (Pa. 2020); **see also** Pa.R.Crim.P. 647(c).

Here, the trial court explained:

> Our Supreme Court has held that the Pennsylvania Rules of Criminal Procedure "require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction." **Commonwealth v. Pressley**, 887 A.2d 220, 224 (Pa. 2005); **see** Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."); Pa.R.Crim.P. 603(B) (The rule eliminating the requirement of a request for an exception to an adverse ruling to preserve the issue on appeal "shall not be applicable to the charge to the jury."). Generally, an objection must be made after the court charges the jury. **Commonwealth v. Lake**, 281 A.3d 341, 347-348 (Pa. Super. 2022), *app. denied*, 291 A.3d 333 (Pa. 2023). However, the issue may be preserved if counsel objects on the record prior to closing arguments, and the trial judge explicitly advises counsel that the objections are preserved. **Commonwealth v. Green**, 273 A.3d 1080, 1083-1084 (Pa. Super. 2022). Merely submitting points for charge, which are rejected by the trial judge, will not preserve the issues. **Pressley**, 887 A.2d at 225.

Here, at the charge conference, defense counsel did not request an instruction on voluntary manslaughter. Moreover, after the court completed its review of the jury charge with the attorneys, the court stated to defense counsel:

*You haven't asked*, but if you did ask me to give a voluntary instruction I would deny it based on all the law that we referred to previously and his defense of alibi. No reasonable jury could find that.

Defense counsel responded: "Absolutely."

Accordingly, defense counsel neither requested a voluntary manslaughter instruction at the charge conference, nor objected after the court advised counsel that it would have denied such a request had it been made. In addition, after the court finished charging the jury, before sending the jury out to deliberate, the court asked whether either counsel needed to see the court at sidebar, in order to give both sides an opportunity to object to the charge. Defense counsel made no objections or requests.

Accordingly, defense counsel failed to preserve an appellate issue premised upon the absence of a voluntary manslaughter jury instruction.

Trial Ct. Op., 3/7/25, at 4-6 (emphasis in original, some citations omitted).

After careful consideration of the parties' briefs, the record, and the trial court's conclusions, we affirm based on the trial court's analysis of this issue. **See id.**; **see also Knight**, 241 A.3d at 645; Pa.R.Crim.P. 647(c). Because this issue is waived, we agree with Appellate Counsel's determination that raising this issue on appeal would be frivolous. **See Kalichak**, 943 A.2d at 291.

Appellate Counsel also identifies potential challenges to the sufficiency and weight of the evidence. **See Anders**/**Santiago** Brief at 19-24.

Ultimately, Appellate Counsel concluded that claims challenging the sufficiency and weight of the evidence would be frivolous on appeal. *See id.* at 24.

This Court has consistently held that, any issues not raised in a 1925(b) statement will be deemed waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement . . . are waived"); Pa.R.A.P. 302 (explaining that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

Based on our independent review of the record, we agree with Appellate Counsel's determination that claims challenging the sufficiency and weight of the evidence would be frivolous. Appellant did not include these claims in his Rule 1925(b) statement. *See* Rule 1925(b) Statement, 1/26/25. Since these claims were not included in his Rule 1925(b) statement, these issues are waived on appeal, and are therefore, frivolous. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302; *Lord*, 719 A.2d at 309; *Kalichak*, 943 A.2d at 291.

Finally, our independent review of the record does not reveal any additional non-frivolous issues that Appellant could raise on direct appeal. *See Flowers*, 113 A.3d at 1250; *see also Goodwin*, 928 A.2d at 291. For these reasons, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/20/2026</u>